UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION

Name of Debtor:                                         Case No. 10-13530

**LAVITORIA, JAMES AND IMELDA**

Last four digits of Soc. Sec. No.: 8294
Last four digits of Soc. Sec. No.: 4631

FIRST AMENDED
**CHAPTER 13 PLAN**
Version 1.1 (1/1/2007)

<u>**CONFIRMATION OF THIS PLAN MAY MODIFY YOUR RIGHTS BY PROVIDING FOR PAYMENT OF LESS THAN THE FULL AMOUNT OF YOUR CLAIM, BY ESTABLISHING THE VALUE OF THE COLLATERAL SECURING YOUR CLAIM, AND/OR BY ESTABLISHING THE INTEREST RATE IF ANY ON YOUR CLAIM. THE VALUES PROVIDED FOR CREDITORS HEREIN SHALL BE BINDING UNLESS A TIMELY OBJECTION TO CONFIRMATION IS FILED.**</u>

Debtor proposes the following Chapter 13 Plan effective upon confirmation of the debtor(s) plan:

### Section I. Plan Payments and Commitment Period

1.1. The future earnings of Debtor shall be submitted to the supervision and control of Trustee as is necessary for execution of the plan. Debtor shall pay to Trustee the sum of $ 680.00 each month. If the monthly payments will increase or decrease the payment schedule is set forth below.

| MONTHLY PAYMENT AMOUNT | NUMBER OF PAYMENTS | TOTAL |
|---|---|---|
| 1. $1120 for months 1 – 12 , then $1225 for months 13 thru 60 | 60 | $72,228 |
| 2. | | |

1.2. The monthly plan payments will continue for __60__ months, the commitment period of the plan.

### Section II. Claims and Expenses
#### A. Proofs of Claim

2.1. A proof of claim must be filed by or on behalf of a creditor before a claim may be paid pursuant to this plan.

2.2. Post Petition amounts due on domestic support obligations due after the filing of the petition and payments on loans from retirement or thrift savings plans of the type described in section 362(b)(19), and executory contracts and unexpired leases to be assumed shall be paid by the Debtor directly to the person entitled to receive such payments whether or not a proof of claim is filed or the plan is confirmed.

2.3. The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim. If a claim is provided for by this plan and a proof of claim is filed, dividends shall be paid based upon the proof of claim unless the collateral has been valued in paragraph 2.8, a motion to value has been granted, or a lien avoidance motion, or the sustaining of a claim objection, affects the amount or classification of the claim.

#### B. Administrative Expenses

2.4.    Trustee's fees. Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of plan payments, whether made before or after confirmation as established by the United States Trustee.

2.5.    Administrative expenses. Except to the extent the court approves, and claimant agrees to, a different treatment, and unless section 1326(b)(3)(B) is applicable, administrative expenses shall be paid in full through the plan.

2.6.    Debtor's attorney's fees. Debtor paid $__1800__ as and for attorney fees prior to the filing of the

petition. The balance of fees and costs in the aggregate sum of $4200 shall be paid at the rate of $400.00 per month. (Note – Debtors paid $274 costs not to counsel, but to trust account, thence to Court)

**2.7. Fees of former chapter 7 Trustee.** Payment of compensation of the type described in section 1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to nonpriority unsecured creditors divided by the length of the plan, each month for the duration of the plan.

## C. Secured Claims

**2.8. Class 1. Secured claims that are modified by this plan or that have matured.** Each Class 1 claim will be paid in full, retain its existing lien, and receive a dividend in an equal monthly amount as specified below. The amount of a Class 1 claim shall be the amount due under any contract between Debtor and the claimant or under applicable nonbankruptcy law, or, if section 506(a) is applicable, the value of the collateral securing the claim, whichever is less. Section 506(a) is not applicable if (a) the claim was incurred within 910 days of the filing of the petition and is secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor, or (b) the claim was incurred within 1-year of the filing of the petition and is secured by personal property security interest in any other thing of value. If the interest rate is left blank the rate shall be 10% per annum.

| Class 1 Creditor's Name/ Collateral Description | Purchase Money Security Interest? Y/N | Is Claim Subject to § 506(a)? Y/N | Claim Amount Or Value of Collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| 1. None | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |

**2.9 Adequate protection payments.** *Prior to confirmation*, trustee shall pay (after ex-parte application by the trustee and upon order of the court) on account of each allowed Class 1 claim secured by a purchase money security interest in personal property an adequate protection payment as required by section 1326(a)(1)(C). If the trustee does not make application to make said payments the debtor shall comply with 1326. This adequate protection payment shall be the equal monthly amount proposed by this plan as the dividend for each class 1 claim. Adequate protection payments shall be disbursed by the trustee in connection with the trustee's customary month end disbursement cycle beginning the month after the petition is filed. If a class 1 claimant is paid a monthly adequate protection payment, the claimant shall not be paid a monthly dividend after confirmation for the same month.

| Creditor's Name/Collateral Description | Claim Amount |
|---|---|
| 1. None - Debtors to pay directly Redwood Credit Union (2004 Honda Pilot) and Santander Credit (2007 Mercedes E350) | |

**2.10 Class 2. Secured claims subject to a Motion to Avoid Lien.** The debtor has or will file a motion to avoid the following liens of the secured creditors pursuant to 11 U.S.C. §522(f). The above claims shall be treated as unsecured claims for distribution pursuant to this plan.

| Creditor's Name/Collateral Description | Claim Amount |
|---|---|
| 1. GMAC Home Loan – 'junior' line on 35 :Pinheiro Circle, Novato, CA 94945 | $149,157. |
| | |

**2.11. Class 3. Secured claims satisfied by the surrender of collateral.** Debtor shall surrender the following collateral. A secured creditor whose collateral is surrendered shall be paid as an unsecured nonpriority creditor provided the creditor files an unsecured nonpriority deficiency claim and no objection to the claim is sustained.

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency |
|---|---|
| 1. none | |
| 2. | |

**2.12. Class 4. Secured claims paid directly by Debtor or third party.** Class 4 claims mature after the completion of this plan, are not in default or if in default constitute real property secured claims for which the arrearage is paid as a Class 1 claim, and are not modified by this plan. Monthly contract installments shall be made as they fall due whether or not the plan is confirmed.

| Class 4 Creditor's Name | Monthly Contract Installment | Maturity Date |
|---|---|---|
| 1. IndyMac Bank | $3200/mo | Beyond 2015 |
| 2. Redwood Credit Union (2004 Honda Pilot) | $398.14 | November 1, 2014 |
| 3. Santander Credit (2007 Mercedes E350) | $ 975/mo | July 12, 2014 |
| 4. | | |

### D. Unsecured Claims

**2.13. Class 5. Unsecured priority claims** entitled to priority pursuant to section 507 shall be paid in full. If this plan will not pay a priority claim of the type described in section 1322(a)(4) in full, the identity of the holder of that claim and treatment proposed for it shall be included in the Additional Provisions below.

| Class 4 Creditor's Name | Type of Priority | Claim Amount |
|---|---|---|
| 1. Franchise Tax Board | 507(a)(8) | Est'd to be $12,1777 (claim controls) |
| 2. Internal Revenue Service | 507(a)(8) | Est'd to be $20,542. (claim controls) |
| 3. | | |

**2.14. Class 6. General unsecured claims.** Claims not listed as Class 5 claims, Class 2, Class 3, and claims that are not secured by property belonging to Debtor, will receive a dividend pursuant to this plan as follows: (Select only one option)

1. The sum of _____ shared pro-rata. (Means Test) This sum shall be the amount indicated on line 58 of the Statement of Current Monthly Income and Disposable Income Calculation form B22C (Chapter 13) after subtracting the attorney fees stated in paragraph 2.6 above.

2. The sum of _____ (%) percentage of the allowed claims. (Percentage Plan)

3. The estimated sum of 100.00 (%) percent. (Base Plan) This amount is calculated by multiplying the monthly payments times the commitment period and from such sum deducting administrative claims, secured claims, and priority claims. The balance if any shall be paid pro-rata to the unsecured nonpriority creditors. (See note below)

This plan shall not complete until the unsecured nonpriority creditors excluding attorney fees have received pro-rata that which the unsecured non-priority creditors would have received in a liquidation under Chapter 7. The total amount that would be paid to unsecured, nonpriority claims if the estate of Debtor were liquidated under chapter 7 of the Bankruptcy Code is estimated at $ ZERO.

## Section III. Executory Contracts and Unexpired Leases

3.01.   Debtor assumes the Executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the Executory contract or unexpired lease, before and after confirmation, all post-petition payments. Any pre-petition arrears shall be paid in full either as a Class 1 or a Class 6 claim.

3.02.   Any Executory contract or unexpired lease not listed in the table below is rejected.

| Name of Other Party to Executory Contract or Unexpired Lease | Pre-petition Arrears | Regular Payment | Will Arrears Be Paid as a Class 1 or 6 Claim? |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

## Section IV. Payment of Claims and Order of Payment

4.01. After confirmation of this plan, funds available for distribution will be paid by the Trustee to holders of allowed claims.

4.02. **Distribution of plan payments.** From the monthly plan payment, Trustee shall pay Trustee's fees, administrative expenses, the monthly amount specified above for each Class 1 secured claim, Class 5 priority claims until they are paid in full [or, if the claim is of a type described in section 1322(a)(4), the amount specified in the Additional Provisions has been paid], then to holders of Class 6 unsecured claims as specified in paragraph 2.14.

## Section V. Miscellaneous Provisions

5.01.   **Vesting of property.** Any property of the estate scheduled under section 521 shall [*choose one*] [  ] revest in Debtor on confirmation or [  ] not revest in Debtor until such time as a discharge is granted. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law. Failure to elect an option for revesting shall revest the property in the debtor at confirmation.

5.02.   **Debtor's duties.** The debtor shall:

Provide the Chapter 13 Trustee with the names(s), address(es) and phone number(s) of the holder of ANY domestic support obligation as defined in 11 U.S.C. § 101(14A) within 10 days of the filing of the petition.

5.03.   **Sale of Property.** The debtor may:

Purchase or sell real or personal property, or otherwise incur debt in the ordinary course of business without further court order and without notice to creditors upon approval of the Chapter 13 Trustee.

## Section VI. Additional Provisions

6.01.   Other than to insert text the preprinted language of this form shall not be altered. This does not mean that Debtor is prohibited from proposing additional or different plan provisions. As long as consistent with the Bankruptcy Code, Debtor may propose additional or different plan provisions or specify that any of the above provisions will not be applicable. Each such provision change shall be set out below. Use additional pages if necessary.

Starting with the tax return due for 2010, not later than April 15th, Debtors shall provide to the Chapter 13 Trustee a signed copy of their filed federal income tax return.
See language added to paragraph 2.6, which points out $274 costs paid by debtor s NOT TO COUNSEL but to Court Clerk. This plan and the filed 2016 statement are entirely consistent.

_____
_____

Dated: 1 February 2011        Debtor    _____
                                        James Lavitoria

                              Debtor    _____
                                        Imelda Lavitoria