UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JAMES and IMELDA LAVITORIA,   No. 10-13530

Debtor(s).
_____/

Memorandum on Motion for Review of Fees
_____

    This case was originally filed as a Chapter 13 on September 13, 2010, and converted to Chapter 7 on June 13, 2012. The U.S. Trustee has brought a motion asking the court to review the fees paid by the debtors to their attorney, John A. Vos. There are two grounds articulated by the U.S. Trustee:

    "(1) that it is not clear whether Vos has disclosed all compensation he received in connection with this case, and (2) even if Vos has disclosed all compensation he received in connection with the case, he may have provided inadequate representation and may have unnecessarily caused the Debtors to incur additional legal fees."

    As to the first ground, it appears that all fees have been properly disclosed. Vos has represented to the court that he received $6,000.00 for his Chapter 13 service and another $4,000.00 for all his Chapter 7 work. Vos filed a fee disclosure on November 13, 2010, and two disclosures on September 7, 2012. The disclosures total $9,984.00. There is no indication of any undisclosed payments.

    The second ground for the motion seems to be trying to pound a square peg into a round hole. The record makes it clear that the debtors have been grossly dishonest. They failed to schedule bank accounts, vehicles, and an interest in real property in the Philippines. They intentionally omitted a

creditor from whom they had embezzled money. They stipulated to waiver of their discharge. There is no reason the court can see why the U.S. Trustee should care if they have been overcharged.[1] It is clear that, notwithstanding the articulated grounds for the motion, the U.S. Trustee believes that Vos either aided the debtors in concealing assets or was negligent in failing to discover assets and that he ought to be punished for his conduct.

The only fact the U.S. Trustee urges as a basis for a finding of negligence is that the payment advices filed by Vos show a bank account not disclosed the in the schedules. While the court likes to think that it would catch this sort of thing if in Vos' shoes, it cannot say so with enough certainty to call this failure negligence.

The more serious charge inferred from the motion is that Vos assisted his clients in their dishonesty. There is no evidence of this, nor is there a possibility of finding any unless the debtors waive the attorney-client privilege and blame Vos for the omission in their schedules. There is no indication that they are inclined to do so. Moreover, Vos has practiced before this court for decades and has demonstrated that he is both too principled and too smart to jeopardize his career and reputation by such conduct.

The court finds no basis for the U.S. Trustee's allegations that Vos provided the debtors with inadequate counsel. Quite the opposite, it appears that the debtors have received more than their money's worth from Vos. However, in reviewing the U.S. Trustee's motion it appears that the debtors received too much from Vos. In his zealousness to represent his clients, he crossed the line into impermissible territory and is subject to sanction pursuant to Rule 9011(b)(3) of the Federal Rules of Bankruptcy Procedure.

Vos is a capable attorney. Unlike many who practice in this area, he keeps himself current in

---

[1] The motion prays that overcharges be paid to the Chapter 7 trustee. However, if the court were to find that Vos overcharged the debtors the fees would have to be turned over to them pursuant to § 329(b)(2) of the Bankruptcy Code. The U.S. Trustee has not made any sort of showing that anything paid to Vos was property of the bankruptcy estate.

2

the law and knows many points of law which might benefit his clients. One thing he undoubtedly knows is that a creditor with knowledge of the bankruptcy is charged with knowledge of the bar dates set in the case regardless of whether the creditor is given notice of the bar dates. *In re Price,* 871 F.2d 97 (9th Cir. 1989). In this case, upon being informed that a creditor with a right to assert a nondischargeable claim had been omitted from the list of creditors, Vos sent the creditor a copy of the court's notice to creditors. However, the copy sent to the creditor had the bar dates deleted. It appears that Vos informed the creditor of the bankruptcy but not the bar dates in the hope that the creditor would not learn of the bar dates on time.[2]

Had Vos merely sent the altered notice and did nothing further, it would present a difficult question as to whether he had committed an unethical or sanctionable act. On the one hand, it would certainly have been clever to the point of sleazy. On the other hand, Vos' duty was to his clients and it was in their best interests not to inform a creditor about a bar date. But Vos crossed the line when he filed a certificate of service stating that his office had served a "true and correct" copy of the notice on the creditor. In fact, an altered copy had been served. Vos admits that the certificate of service is false.

At the hearing on the motion, the court announced its inclination to deny the U.S. Trustee's motion but issue an order to show cause pursuant to Rule 9011(c)(1)(B) as to why Vos should not be sanctioned for violation of Rule 9011(b)(3) for filing a factually false certificate of service. Vos having waived his right to such an order to show cause and expressing willingness to accept the court's sanction without further proceedings, the court will fine Vos the sum of $2,000.00, which shall be paid to the Clerk of the Court within 20 days of entry of an order. If Vos declines to accept this punishment, he may within said 20 days request a hearing, in which case the court will address the matter *de novo*.

A separate order will be entered denying the motion of the U.S. Trustee and assessing sanctions

---

[2]Vos claims that the altered notice to creditors was supplied by his clients and sent by an employee without his knowledge. The court is skeptical of this explanation because it is sure that Vos knew about *In re Price* but doubts a debtor or a nonlawyer employee would have that level of sophistication. Nonetheless, it is not necessary for the court to make findings on this issue because Vos is responsible for the actions of his employees regardless of whose idea it was.

3

on the court's own initiative.

Dated: July 26, 2013

_____
Alan Jaroslovsky
Chief Bankruptcy Judge

4